## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
| ) | |
| Plaintiff,     ) | |
| ) | **CRIMINAL ACTION** |
| v.     ) | |
| ) | **No. 08-20128-01-KHV** |
| RICHARD DUANE BURK,     ) | |
| ) | |
| Defendant.     ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion To Vacate, Set Aside, Or Correct</u> <u>Sentence By A Person In Federal Custody</u> (Doc. #57) filed October 17, 2011, defendant's <u>Motion</u> <u>For Summary Judgment</u> (Doc. #65) filed April 23, 2012 and defendant's <u>Motion Of Voluntary</u> <u>Dismissal</u> (Doc. #66) filed May 4, 2012.[1] For reasons stated below, the Court overrules defendant's motions to vacate and for summary judgment, but sustains his motion for voluntary partial dismissal.

### Factual Background

On December 2, 2008, defendant conditionally pled guilty to one count of bank robbery in

---

[1]     On November 15, 2011, the Court directed the parties to file briefs on the limited issue of potential procedural bars to defendant's motion. <u>See</u> <u>United States v. Allen</u>, 16 F.3d 377, 378-79 (10th Cir. 1994) (court may raise and enforce procedural bar *sua sponte* if doing so furthers interests of judicial efficiency, conservation of scarce judicial resources and orderly and prompt administration of justice). In particular, the Court directed the parties to address whether defendant's claims are barred as untimely.

Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final. A judgment of conviction becomes final when the Supreme Court denies a petition for certiorari. <u>Clay v. United States</u>, 537 U.S. 522, 524-25 (2003). Here, the Supreme Court denied defendant's petition for certiorari on October 4, 2010. The government concedes that based on defendant's repeated efforts to file his motion through the prison legal mail before October 4, 2011, the Court should treat his motion as timely filed on September 28, 2011. <u>See</u> <u>Response To Defendant's Reply To The Government's Claim Of Procedural Bar To His</u> <u>§ 2255 Motion</u> (Doc. #64) filed December 8, 2011 at 3. The Court agrees. Accordingly, the Court proceeds to evaluate defendant's Section 2255 motion on the merits.

violation of 18 U.S.C. § 2113(a).[2]  See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #21).  On March 31, 2009, the Court sentenced defendant to 189 months in prison.

On April 6, 2009, defendant filed two consolidated appeals.  Defendant argued that (1) the district court lacked jurisdiction because FDIC insurance covers only "deposits" and not cash from a teller's drawer, (2) the indictment was deficient because it did not allege that he took "deposits" that were insured by the FDIC and (3) the district court erred by not granting a sentencing departure or variance.  See Order And Judgment (Doc. #56) filed March 17, 2010.  The Tenth Circuit dismissed defendant's appeals.  See id.  Patrick E. D'Arcy represented defendant throughout these proceedings.

On October 17, 2011, defendant filed this motion under 28 U.S.C. § 2255.  Liberally construing defendant's motion and related briefs, defendant alleges that (1) the undersigned judge demonstrated an appearance of bias during his sentencing and (2) Mr. D'Arcy was ineffective at sentencing because (a) he did not argue before the district court or on appeal that the sentencing judge erred by striking defendant's pro se sentencing memorandum and thus denied him the right to allocute, (b) he did not investigate defendant's mental disorder for additional mitigating evidence at sentencing and (c) he did not review or discuss defendant's mental evaluation at sentencing.

## Analysis

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that the proceedings which led to defendant's conviction were correct.  See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).  To prevail, defendant must show a defect in the proceedings which

---

[2]       Defendant preserved his right to appeal this Court's rulings as to jurisdiction and the sufficiency of the indictment.  See Transcript Of Change Of Plea (Doc. #42) at 13.

resulted in a "complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974).

**I.      Claim 1 - Judicial Bias**

Defendant argues that he should be resentenced because the undersigned judge demonstrated an appearance of bias at the sentencing hearing.  Defendant also asks the undersigned judge to recuse from deciding his Section 2255 motion because of bias.  On May 4, 2012, however, defendant asked the Court to dismiss his claims of judicial bias.  See defendant's Motion Of Voluntary Dismissal (Doc. #66).  For that reason and those stated below, the Court overrules defendant's motion to vacate based on judicial bias.

Under 28 U.S.C. § 455(a), federal judges must disqualify themselves in any proceeding in which their partiality might reasonably be questioned.  Switzer v. Berry, 198 F.3d 1255, 1257 (10th Cir. 2000); see also Code of Conduct for United States Judges, Canon 3, § C(1) ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned.").  The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.  Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987).  The statutory guidance for recusal must also be read in light of a judge's "duty to sit" on cases filed with the court.  See Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995) (judge has as strong a duty to sit when there is no legitimate reason to recuse as she does to recuse when law and facts require).  The statute is not intended to give litigants a veto power over sitting judges, or as a vehicle for obtaining a judge of their choice.  United States v. Cooley, 1 F.3d 985, 992-93 (10th Cir. 1993).  Consequently, a judge should not recuse on unsupported, irrational or highly tenuous speculation. Hinman, 831 F.2d at 939 (citation omitted).

In this case, a reasonable person with access to the relevant facts would not conclude that

the impartiality of the undersigned might be questioned.  Rather, it appears that defendant is simply trying to get a second judge to look at his various sentencing arguments.  Under Section 455(b)(l), a judge must disqualify herself if she has a personal bias or prejudice concerning a party.  The undersigned has no such bias or prejudice against defendant.  See Liteky v. United States, 510 U.S. 540, 554-55 (1994) (bias and prejudice must come from an extrajudicial source).  Accordingly, the Court finds that recusal is not necessary.

**II.      Claim II - Ineffective Assistance Of Counsel**

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.  In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992).  The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989).  As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

Defendant argues that counsel was ineffective because (1) he did not argue before the district

court or on appeal that the sentencing judge erred by striking defendant's pro se sentencing memorandum and thus denied him the right to allocute, (2) he did not investigate defendant's mental disorder for additional mitigating evidence at sentencing, and (3) he did not review or discuss defendant's mental evaluation at sentencing.

> ### A.   Failure To Argue That The Court Denied Defendant's Right To Allocute

Defendant claims that counsel should have argued before this Court and on appeal that the Court denied him the right to allocute because it refused to consider the statements in his pro se sentencing memorandum. Memorandum Of Facts And Law In Support Of 28 U.S.C. § 2255 Motion (Doc. #58) at 16. Defendant's pro se sentencing memorandum sought a "substantial guideline variance" of 13 levels because of his "extraordinary history and the circumstances surrounding the offense." Pro Se Sentencing Memorandum (Doc. #22) at 3. Contrary to defendant's assertion, however, the Court did not exclude his pro se memorandum and request for a substantial variance from the Guidelines.[3] Indeed, defendant concedes that his counsel presented the information from

---

[3]     Under Rule 32(i)(4)(A)(ii) of the Federal Rules of Criminal Procedure, before imposing a sentence, a district court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." The Court "actually must take steps to communicate effectively to the defendant, that, through his statement, he has a meaningful opportunity to influence the sentence." United States v. Landeros–Lopez, 615 F.3d 1260, 1266, 1268 (10th Cir. 2010) (quotation omitted). A defendant's right of allocution is violated if a district court indicates it is unwilling to listen to the statements or information a defendant wishes to offer in mitigation of his sentence. United States v. Jarvi, 537 F.3d 1256, 1261–62 (10th Cir. 2008).

At sentencing, the Court asked defendant "[s]peaking strictly to the motion for downward departure, is there anything, Mr. Burk, that you would like to add?" Doc. #43 at 22. Defendant maintains that the question suggests that the Court excluded defendant's pro se memorandum. The Court did not exclude the pro se memorandum. Moreover, at sentencing, the Court carefully considered defendant's lengthy comments which span some 22 pages of the written transcript. See Transcript Of Sentencing (Doc. #43) at 22-44. During questioning by the Court, defendant made additional comments which span four additional pages of the written transcript. Id. at 49-54.
(continued...)

his pro se memorandum as argument at sentencing, but asserts that counsel's comments "mainly amounted to a sob story, and obviously addressed more so towards a hopeful sympathetic court, and arguably, was not mitigating at all." Doc. #58 at 17; see Transcript Of Sentencing (Doc. #43) at 10 (referring undersigned judge to contents of pro se sentencing memorandum). Defendant himself presented many of the facts from his sentencing memorandum. Although the Court ultimately did not accept counsel's argument about a reduced sentence in light of defendant's background, counsel's argument was reasonable and a fair representation of a significant portion of defendant's pro se sentencing memorandum. Accordingly, counsel's failure to argue that the Court denied defendant his right to allocute was not deficient or prejudicial. The Court overrules defendant's first claim of ineffective assistance of counsel.

      B.     <u>Failure To Investigate Defendant's Mental Disorder</u>.

      Defendant argues that counsel was ineffective because he did not investigate defendant's mental disorder for additional mitigating evidence at sentencing. Doc. #58 at 22. In particular, defendant asserts that Dr. Kraus G. Thomas was prepared to testify that defendant should receive treatment instead of a prison sentence. Id. at 24. Defendant has not alleged facts which establish that counsel's alleged failure to further investigate and present additional argument on his mental disorder was deficient or prejudicial.[4]

-------

[3](...continued)
Defendant concedes that he was allowed to speak throughout the remainder of the sentencing proceeding and that he referred to the contents of his pro se memorandum. The Court did not restrict defendant's argument and gave him ample opportunity to make his best case for both a downward departure and a variance from the Guidelines.

[4]     Defendant states that counsel should have presented information to support a request for probation, but he does not present sufficient factual or legal allegations to warrant a sentence of
(continued...)

Defendant's conclusory allegation that counsel did not adequately investigate his mental disorder is belied by the record which shows that counsel argued that very issue.[5]  Counsel's performance at sentencing was within the wide range of reasonable professional assistance.  In addition, defendant has not shown a reasonable probability that if counsel had presented his arguments differently, the result of the sentencing likely would have been different.[6]  The Court thoroughly considered the effect of defendant's mental disorder at sentencing and defendant has not shown that the Court likely would have reached a different conclusion if counsel had argued the issue differently or presented witnesses on the issue.  The Court overrules defendant's second claim of ineffective assistance of counsel.

_____

[4](...continued)
probation in this case where the applicable Guideline range was 168 to 210 months in prison.

[5]     At sentencing, counsel referred to defendant's mental problems and why prior efforts to treat him had been unsuccessful.  Transcript Of Sentencing (Doc. #43) at 10-16, 21-22.

[6]     As to defendant's claim that counsel should have called Dr. Thomas to testify that defendant should receive treatment rather than a prison sentence, defendant has not submitted an affidavit of the proposed testimony.  To show deficient performance and prejudice on a claim that counsel failed to call a witness, a defendant ordinarily must provide an affidavit of the potential witness as to the nature of the proposed testimony.  See United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991) (to show ineffective assistance, evidence about testimony of putative witness must generally be presented by witness testimony or affidavit); Sanders v. Trickey, 875 F.2d 205, 210-11 (8th Cir.) (failure to provide affidavit from witness regarding potential testimony precludes finding of prejudice), cert. denied, 493 U.S. 898 (1989); United States v. Schaflander, 743 F.2d 714, 721 (9th Cir. 1984) (to warrant evidentiary hearing, movant must submit affidavit or sworn statement from witness or counsel), cert. denied, 470 U.S. 1058 (1985); United States v. Anderson, No. 95-20086-JWL, 2003 WL 22757928, at *3 (D. Kan. Nov. 6, 2003) (Section 2255 movant required to submit affidavit of putative witness); United States v. Cosby, 983 F. Supp. 1022, 1026 (D. Kan. 1997) (prejudice not established where defendant did not submit affidavit of potential alibi witnesses); see also United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997) (certificate of appealability on ineffective assistance claim denied because defendant did not present specific facts to show that co-defendant would have offered exculpatory evidence).  Based on defendant's brief outline of the proposed testimony, counsel's failure to call Dr. Thomas as a witness was not deficient or prejudicial.

C.    Failure To Review Or Discuss Defendant's Mental Evaluation.

Defendant argues that counsel was ineffective because he did not review or discuss defendant's mental evaluation at sentencing.  Doc. #58 at 34.  Counsel did refer to the mental evaluation at sentencing and noted that defendant suffered from adjustment disorder and depression.[7] Transcript Of Sentencing (Doc. #43) at 11.  Defendant apparently argues that counsel failed to present detailed mitigating evidence from his psychiatric examination, Doc. #58 at 36-37, but counsel's performance at sentencing was within the wide range of reasonable professional assistance.  In addition, defendant has not shown a reasonable probability that if counsel had presented more detail from the psychiatric examination, the result of the sentencing likely would have been different.  Accordingly, the Court overrules defendant's third claim of ineffective assistance of counsel.

**Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief.  Moreover, defendant does not allege specific and particularized facts which are not directly refuted by the record or if true, would entitle him to relief.  Accordingly, no evidentiary hearing or response by the government is required.  See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr,

---

[7]    Defendant was originally charged in D. Kan. Case No. 07-20134-CM.  In that case, the Honorable Carlos Murguia ordered a psychiatric examination.  Defendant claims that counsel was ineffective because he did not ensure that the Court held a hearing on his mental competency. Doc. #58 at 34-35.  The docket reflects that Judge Murguia held a competency hearing on June 23, 2008.  See Doc. #27 in Case No. 07-20134-CM.  On September 26, 2008, Judge Murguia dismissed the case without prejudice under the the Speedy Trial Act.  See Order (Doc. #46 in Case No. 07-20134-CM).

856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); <u>United States v. Barboa</u>, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

<b><u>Certificate Of Appealability</u></b>

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[8] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Saiz v. Ortiz</u>, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #57) filed October 17, 2011 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to the Court's ruling on defendant's motion under 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that defendant's <u>Motion For Summary Judgment</u> (Doc. #65)

---

[8]     The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. <u>See</u> Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

filed April 23, 2012 be and hereby is **OVERRULED.**

      **IT IS FURTHER ORDERED** that defendant's <u>Motion Of Voluntary Dismissal</u> (Doc. #66)

filed May 4, 2012 be and hereby is **SUSTAINED.**

      Dated this 2nd day of August, 2012 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge
